IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerome Henderson,  Case No. 4:09 CV 178

    Petitioner,  MEMORANDUM OPINION
 AND ORDER

-vs-

 JUDGE JACK ZOUHARY

David Bobby, Warden

    Respondent.

*Pro se* Petitioner Jerome Henderson ("Petitioner"), an inmate in state custody presently incarcerated in the Ohio Penitentiary at Youngstown, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In 1985, he was convicted of aggravated murder in the Hamilton County Court of Common Pleas and sentenced to death. After his state appeals were unsuccessful, he filed a Petition for Writ of Habeas Corpus in the Southern District of Ohio. His Petition was granted in part and denied in part in August 1999. *Henderson v. Collins*, 101 F. Supp. 2d 866 (S.D. Ohio 1999). The Sixth Circuit reversed the partial grant. *Henderson v. Collins*, 262 F.3d 615 (6th Cir. 2001). Petitioner then filed two Motions for Relief from Judgment, one of which the district court granted. On appeal, the Sixth Circuit ruled against Petitioner on the ground that the Motions for Relief from Judgment were successive petitions and should have been presented to the court of appeals. *Henderson v. Collins*, 184 Fed. App'x 518 (6th Cir. 2006), *cert. denied*, 549 U.S.

1138 (2007). The present case appears to be another successive petition, with Petitioner arguing the original Petition should be granted.

An application for writ of habeas corpus may be filed in the district court for the district where the person is in custody or where the state court that convicted and sentenced him is located. If the locations are different, the district courts have concurrent jurisdiction. 28 U.S.C. § 2241(d). Section 2241(d) also provides:

> The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner previously filed his federal habeas case and two Motions for Relief from Judgment in the Southern District of Ohio. Petitioner, previously unsuccessful in the Southern District, may be attempting to find a more favorable forum in the Northern District.

The Southern District of Ohio is a more convenient forum because the court there is familiar with the lengthy history of this case, and the evidence is more readily accessible in the district where Petitioner was convicted. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973) ("Congress explicitly recognized the substantial advantages of having [habeas corpus] cases resolved in the court which originally imposed the [sentence]."); *Bender v. Ohio*, No. 07-41-HRW, 2007 WL 2363151, at *2 (E.D. Ky. Aug. 16, 2007) (convenience of parties and interest of justice best served by transferring case to district where petitioner was convicted and sentenced); *Taylor v. Parker*, No. 05-2811-B/V, 2006 WL 3805668, at *1 (W.D. Tenn. Dec. 22, 2006) ("[I]t is the practice of federal courts in Tennessee that all § 2254 petitions are heard in the district in which the conviction was obtained."). Further, if the Southern District finds this case to be a successive petition, this case will

be transferred back to the Sixth Circuit Court of Appeals. In short, consistency and convenience favor a transfer.

Accordingly, this action is transferred to the United States District Court for the Southern District of Ohio.

IT IS SO ORDERED.

                                                           s/ *Jack Zouhary*
                                                           JACK ZOUHARY
                                                           U. S. DISTRICT JUDGE

                                                           January 29, 2009